The PEOPLE of the State of Colorado, Complainant,

v.

Edward M. YAKLICH, Attorney-Respondent.

No. 81SA411.

Supreme Court of Colorado, En Banc.

June 21, 1982.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Hoffman & McDermott, Daniel S. Hoffman, Levi Martinez, Denver, for attorney-respondent.

HODGES, Chief Justice.

After a hearing on a formal complaint alleging that Edward M. Yaklich, the attorney-respondent, was guilty of several violations of the rules relating to the discipline of attorneys, the Grievance Committee of the Supreme Court concluded that the evidence before it established the allegations of the complaint. In its report, the Grievance Committee recommended that the respondent's license to practice law be sus-

---

pended. The respondent has filed exceptions to this report which we have considered. We agree with the recommendation of the Grievance Committee and set the period of suspension at three months.

In its report, the Grievance Committee submitted findings and conclusions based upon the evidence presented at the hearing. A transcript of the testimony and evidence presented at the hearing has been reviewed and fully supports the findings and conclusions of the Grievance Committee. The allegations of the complaint which have been established by the evidence are briefly summarized in the following paragraphs.

The respondent agreed to represent a Mrs. Hayes in a collection action in the County Court of Pueblo, Colorado and he was paid a retainer fee. Also, because of poor health and other reasons, both Mr. and Mrs. Hayes at this time advised the respondent that rapid action in their case was needed.

Although the respondent promptly filed a complaint in the County Court, he failed to keep Mrs. Hayes advised of the status of her case. Both Mrs. Hayes and her husband frequently made telephone calls to the respondent's office, only a few of which were returned by the respondent, and on those occasions, facts as to the status of the case were not given. Mr. and Mrs. Hayes stated that they were not able to obtain any appointments with the respondent and therefore made approximately ten trips from Colorado Springs to the respondent's office in Pueblo in an attempt to contact him. On two of these occasions, they were able to talk to the respondent in his outer office for only a few minutes. On the other occasions, they left a message at the respondent's office that they wanted a definite appointment for the purpose of reviewing the progress of their case but the respondent never contacted them in response to these messages.

Approximately ten months after the complaint was filed, Mr. and Mrs. Hayes discharged the respondent and retained another attorney to handle her collection case. The respondent refunded to them the full amount of the retainer fee he had collected.

As to a number of other cases handled by the respondent, the evidence reflects a pattern of setting several matters in different courts at the same time, a failure to appear at scheduled times before the courts, and a lack of candor with at least one judge in explaining his reason for not appearing at a court setting. On several occasions, the respondent failed to appear for pretrial conferences or for trials in the County Court. Also, one of the judges of the District Court in Pueblo testified that cases handled by the respondent would frequently not be expeditiously handled; that the respondent on occasions would not appear when scheduled; and that he arrived late on other occasions. The district judge also stated that he could not rely upon the respondent to file timely pretrial statements.

Evidence was presented with reference to a civil case where the respondent failed to file a timely answer and as a result, a motion for judgment by default was filed against his client. The respondent filed a late answer, the motion for a default judgment was denied, and no damage was ultimately suffered by the client.

The respondent testified that he has a very busy practice; that he does a great deal of pro bono work for poor people; and that in explanation of his unprofessional handling of a number of cases, he blames this on his tendency to procrastinate. In its report, the Grievance Committee commented that the respondent recognizes that he must cut down on his caseload to properly handle his law practice.

In reviewing the record of this case, it is noted that the respondent has previously received three letters of admonition. The first admonition in 1971 involved a case where the respondent agreed to file a foreclosure action for his client but did absolutely nothing for eight months and was then discharged from the case by the client. The second admonition in 1978 involved a

dissolution of marriage proceeding in which the respondent failed to appear on behalf of his client on a date set for hearing for permanent orders and thereby allowed a default decree to be entered. The third admonition in 1979 was issued because of respondent's neglect and delay in filing an answer or taking other action on behalf of a client for a period exceeding two years.

The respondent's conduct in representing his clients with respect to the cases and matters referred to herein are clearly violations of the following disciplinary rules of the Code of Professional Responsibility: (1) DR1–102(A)(6) which prohibits an attorney from engaging in any conduct that adversely reflects on his fitness to practice law, (2) DR6–101(A)(3) which states that a lawyer shall not neglect a legal matter entrusted to him, (3) DR7–101(A)(2) which states that an attorney shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, and (4) DR1–102(A)(5) which states that a lawyer shall not engage in conduct that is prejudicial to the administration of justice.

We agree with the recommendation of the Grievance Committee that the respondent's license to practice law in the state of Colorado be suspended, and we set the period of suspension at three (3) months.

It is further ordered that costs in the sum of $1,076.50 be assessed to this respondent and that he be required to pay this amount to the Clerk of the Supreme Court within sixty (60) days.